# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No. 2:13-cr-85-JAD-PAL |
| Plaintiff, | |
| v. | **Order re: Caballero-Perez's Objections to the Government's Rule 404(b) Notice [Doc. 54]** |
| Marco Antonio Caballero-Perez, et al., | |
| Defendants. | |

Defendants Marco Antonio Caballero-Perez and Cruz Albert LaFarga are jointly charged with possession with intent to distribute, distribution, and conspiracy to distribute approximately 50 grams of methamphetamine. Doc. 44.[1] In advance of their upcoming trial, the government provided Caballero-Perez with a Rule 404(b) notice of its intent to introduce evidence of his 2012 felony conviction in Colorado for possession of methamphetamine to show knowledge to support the possession and distribution charges and rebut Caballero-Perez's likely defense that he was but an innocent occupant of LaFarga's vehicle, unaware that it contained a large quantity of illegal substance. Doc. 50 at 1. Caballero-Perez objects to the government's proposed use of his prior conviction as improper character evidence lacking the similarities with the instant offenses to permit

---

[1] Caballero and LaFarga were originally indicted on March 12, 2013. Doc. 15. The government filed a Superseding Indictment on November 12, 2013, charging LaFarga with one additional count of distribution of approximately 5 grams of methamphetamine, two additional counts of distribution of approximately 50 grams of methamphetamine, and one count of being an immigrant in possession of a firearm. Doc. 44 at 2-4.

its introduction under Rule 404(b). Doc. 54.[2] The Court finds that the evidence is admissible under Rule 404(b) to show knowledge and absence of accident or mistake and thus overrules Caballero-Perez's objections in part. Although the Court concludes that the Government should be permitted to introduce admissible proof of this prior conviction if accompanied by a proper limiting instruction, the Court reserves final ruling on the admissibility of this 404(b) evidence until the Government has proffered the evidentiary basis for this prior conviction.

**Background**

In its 404(b) notice, the Government represents that on April 14, 2012, a Colorado police officer stopped Caballero-Perez for "numerous traffic violations." Doc. 50 at 2. Caballero-Perez explained to the officer that he had borrowed the car only to drive a friend from Las Vegas, Nevada, to Lincoln, Nebraska. Doc. 50 at 2. The officer obtained permission to search Caballero-Perez's car and "saw the reflection of a zipper hidden inside the factory compartment or natural void of the vehicle's dashboard." *Id.* The compartment contained drug paraphernalia and about three grams of methamphetamine. *Id.* The officer also observed "tooling marks in various locations on the vehicle, and suspicious markings on the engine," indicating that the vehicle had been used to transport narcotics. *Id.* Caballero-Perez pled guilty to felony possession of methamphetamine in connection with these events. Doc. 50 at 1.

The allegations in the current indictment put Caballero-Perez in the driver's seat of yet another vehicle with a hidden compartment concealing methamphetamine. Caballero-Perez claims he "has only tenuous ties to the instant case, as well." Doc. 54 at 3. He "was the driver of the vehicle in which the methamphetamine was transported," but he "made no arrangements to sell the drugs to anyone," "no arrangements to meet anyone anywhere for any purpose," and "merely drove a friend to various places—and did so using vehicles which were not registered to him but loaned to him." *Id*. He further explains that he was employed by a tire and auto repair facility and drove other people's cars all the time as part of his job. Thus, "[h]e did not necessarily know the people whose

---

[2] Caballero-Perez's "objections" were not flagged in the docket as a pending motion, and the Government has not responded to them. Nevertheless, in light of the pending trial the Court now offers this ruling on the objections.

cars he drove—he just took them where and when they asked." *Id.* at 5. The Government contends that evidence of Caballero-Perez's methamphetamine-possession conviction in Colorado will prove the knowledge he now disavows and show intent, opportunity, and that his actions in this case were not an accident or mistake. Doc. 50 at 4-6. Caballero-Perez argues that the fact that this is a trafficking case makes the scope of the two incidences too dissimilar to allow the prior conviction into evidence, and he notes that the Government has not yet identified what evidence it intends to rely upon to prove this prior conviction. *Id.*

## Discussion

Under Federal Rule of Evidence 404(b)(1), "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[3] However, Rule 404(b)(2) allows this evidence for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."[4] Rule 404(b) is generally regarded as "a rule of inclusion—not exclusion."[5] The Ninth Circuit will deem evidence admissible under Rule 404(b) if it is not overly remote in time, tends to prove a material point, shares similarities to the charged offense, and is based on sufficient evidence.[6]

**A.    The prior conviction is not too remote in time.**

Defendant does not contend that the prior conviction is too remote in time to permit its introduction. The government represents that the facts that underlie that conviction occurred on April 14, 2012, and Caballero-Perez pled guilty to that offense in August 2012. Doc. 50 at 2. The acts alleged in the instant case started in the same year and occurred from September 2012 through February 2013. These acts are sufficiently close in time to allow evidence of the prior conviction under Rule 404(b).

---

[3] Fed. R. Evid. 404(b)(1).

[4] *Id.* at 404(b)(2); *see Huddleston v. United States*, 485 U.S. 681, 685 (1988).

[5] *United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007).

[6] *United States v. Banks*, 514 F.3d 959, 976 (9th Cir. 2008) (quotation omitted).

**B.   The prior conviction is material and its underlying facts are sufficiently similar to the instant charges.**

The heart of the parties' instant disagreement is whether Caballero-Perez's methamphetamine-possession conviction is sufficiently similar to the instant charged crimes to make it material and allow its introduction under Rule 404(b) to show knowledge, intent, opportunity, or lack of mistake or accident.[7]  A "user quantity" drug conviction may be introduced to show that the defendant knows what the substance is and how it is identified.[8]  "Evidence of prior involvement with drugs is [also] relevant to prove absence of mistake or accident."[9]  And the Ninth Circuit has "consistently held that evidence of prior possession or sale of [a narcotic drug] is relevant under Rule 404(b) to issues of intent, knowledge, and absence of mistake or accident in a prosecution for 'possession of, importation of, and intent to distribute narcotics.'"[10]

The government's notice contends that Caballero-Perez's 2012 guilty plea is substantially similar to his pending charges, such that it can be introduced to knowledge.  Doc. 50 at 1.  The government argues that there is ample similarity between the two events, such that evidence of the 2012 conviction can be introduced to show that Caballero-Perez's probably knew he was driving LaFarga to the scene of a drug transaction.  Doc. 50 at 4.

Caballero-Perez disagrees for several reasons.  First, he claims that the conviction and the instant offense are not sufficiently similar to warrant inclusion because "[t]hree grams of methamphetamine is a world of difference from two to six pounds of the substance," as the former could be considered "personal use," whereas the latter could not.  Doc. 54 at 2.  Moreover,

---

[7] The government refers to both "motive, knowledge, lack of mistake, [and] intent," and also to "knowledge, intent, and lack of mistake."  Doc. 50 at 1.  Since the government does not advance any arguments for why "motive" should play any role in the decision, and references only in passing the fact that these activities show a pattern, the Court declines to consider whether the evidence can be used to establish Caballero-Perez's "motive" or whether the two activities show a pattern of conduct.

[8] *See United States v. Ramirez-Robles*, 386 F.3d 1234, 1243 (9th Cir. 2004).

[9] *See United States v. Hegwood*, 977 F.2d 492, 497 (9th Cir. 1992).

[10] *Hegwood*, 977 F.2d at 497 (quoting *United States v. Mehrmanesh*, 689 F.2d 822, 832 (9th Cir. 1982)).

Caballero-Perez only pled guilty to *possessing* methamphetamine in his 2012 conviction—not to *trafficking* it.  *Id.* at 3.

The Ninth Circuit panel in *United States v. Bibo-Rodriguez*[11] considered and rejected similar arguments in a prosecution for cocaine trafficking.  The defendant was arrested for importing 682 kilograms of cocaine in a concealed compartment in the roof of the truck he abandoned.  The government introduced evidence that the defendant also transported marijuana "across the border in the hollowed-out side panels of a Chevy Vega hatchback" as "proof that he knew the truck he was driving on [the date of the instant offense] contained cocaine."[12]  On review, the Ninth Circuit panel concluded that "the transportation of marijuana goes to prove knowledge that he was transporting drugs in September, a material issue in the [cocaine] case," and disregarded the defendant's argument that the different participants and types of drugs made the acts "too dissimilar to be relevant."[13]   The panel reasoned:

> Bibo–Rodriguez transported cocaine across the border in a vehicle's roof panel.  The subsequently transported marijuana was similarly hidden in the hollowed out side panels of a vehicle.  The evidence of the December marijuana transaction indicated that Bibo–Rodriguez was not duped during the September transaction and therefore he must have known that he was carrying cocaine.  Moreover, the evidence of transporting marijuana is highly probative and does not unfairly prejudice Bibo–Rodriguez.  The district judge, therefore, did not abuse his discretion in finding the evidence relevant and admissible to show Bibo–Rodriguez knew that he was carrying 678 kilograms of cocaine across the border on September 26, 1988.[14]

Similarly, in *United States v. Howell*,[15] the Ninth Circuit held that a defendant's prior conviction for possession of cocaine was admissible in a possession-with-intent-to-deliver-cocaine prosecution to rebut his innocent-motive defense that he was "merely present" on a Greyhound bus with a duffle bag of cocaine unwittingly situated in his overhead compartment.

---

[11] *United States v. Bibo-Rodriguez*, 922 F.2d 1398, 1402 (9th Cir. 1991).

[12] *Bibo-Rodriguez*, 922 F.2d at 1399, 1401.

[13] *Id.* at 1401.

[14] *Id*. at 1402.  *See also United States v. Ramos-Atondo*, 732 F.3d 1113, 1123-24 (9th Cir. 2013) (evidence of prior conviction for alien smuggling introduced in criminal prosecution of drug smuggling, to show knowledge of smuggling techniques).

[15] *United States v. Howell*, 231 F.3d 615, 628 (9th Cir. 2000).

Allowing evidence of Caballero-Perez's 2012 methamphetamine-possession conviction under 404(b)(2) to show his general knowledge of methamphetamine and its transportation in concealed vehicle compartments, and to show absence of mistake or accident, is consistent with Ninth Circuit jurisprudence. Although the quantities of the current and prior offenses are different in scope,[16] the unique circumstances of each event—both of which involved cars Caballero-Perez drove, and which contained hidden compartments concealing methamphetamine—provide sufficient similarities to make the prior conviction material to rebut Caballero-Perez's defense theory that he was entirely unaware that the car he was driving was concealing methamphetamine. Accordingly, the Court overrules defendant's objection in this regard and finds that competent and otherwise admissible evidence of the prior conviction should be admitted to prove knowledge and absence of mistake or accident, upon the Government's submission and prior court approval of a proper limiting instruction.

However, the evidence may not be introduced to prove intent. "Prior drug use is not ordinarily relevant under Rule 404(b) to prove conspiracy and possession with intent to distribute narcotics."[17] Although the government points to *United States v. Vo*[18] to support its proposition that it is the character of the actions taken, and not the amount of narcotics in question, that governs the court's inquiry, *Vo* is inapposite because in that case the Court considered an extension of the same conduct: selling drugs.[19] Caballero-Perez correctly points out that his prior conviction pertained only to a use-level amount of methamphetamine, for which there is no indication he was convicted of possession with the intent to *distribute*, such as can be inferred from the 2- or 6-pound amounts currently at issue. Caballero-Perez's 2012 Colorado conviction may not be introduced to show that he intended to engage in the conduct alleged in Counts 1, 5, or 6. Thus, the Court sustains Caballero-Perez's objection in this respect.

---

[16] *See Ramirez-Robles*, 386 F.3d at 1243.

[17] *Ramirez-Robles*, 386 F.3d at 1243; *see United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1015 (9th Cir. 1995); *United States v. Mehrmanesh*, 698 F.2d 822, 832 (9th Cir. 1982).

[18] *United States v. Vo*, 413 F.3d 1010 (9th Cir. 2005).

[19] *Id.* at 1017-19.

### C.     The conviction is admissible under Rule 403

Even if admissible under Rule 404(b)(2), a prior conviction is subject to exclusion under Rule 403 if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[20]  The Court is obligated to consider the prejudicial effect of any evidence sought to be introduced.[21]  "Rule 403 requires the proponent to show that the probative value of the proffered evidence is not substantially outweighed by the danger of unfair prejudice."[22]  The district judge enjoys "wide latitude in determining the admissibility of evidence under this standard."[23]

The Government asserts that Caballero-Perez's prior conviction is not so inflammatory or provocative that introduction of the same will not unduly influence or prejudice the jury. *Id.* at 6. Caballero-Perez claims that because there is so little evidence in this case of Caballero-Perez's guilt, beyond his mere presence at the scene of the crime, that evidence of his prior convictions may unduly prejudice the jury. *Id.* at 4.  The Court agrees that introduction of this drug-possession conviction is not inherently inflammatory, as it does not "provoke[] an emotional response in the jury or tend[] to adversely affect the jury's attitude wholly apart from its judgment as to his guilt or innocence of the crime charged."[24]  Any potential prejudice can be mitigated with a proper limiting instruction, which must accompany the introduction of Caballero-Perez's prior conviction at this trial.

### D.     The Court reserves its final ruling on the admissibility of this evidence pending the receipt of sufficient evidence of the prior conviction.

Finally, Caballero-Perez notes that the government "alleges" all of the facts about this prior arrest and conviction "without providing any police reports or other substantiation for those facts,"

---

[20] Fed. R. Evid. 403.

[21] *See Old Chief v. United States*, 519 U.S. 172, 182 (1997).

[22] *United States v. Savinovich*, 845 F.2d 834, 837 (9th Cir. 1988).

[23] *United States v. Kinslow*, 860 F.2d 963, 968 (9th Cir. 1988).

[24] *United States v. Fagan*, 996 F.2d 1009, 1015 (9th Cir. 1993) (quotation omitted).

such as a "certified copy of the judgment of conviction." Doc. 54 at 1. Indeed, the Government does not identify what evidence of this prior conviction and its underlying factual basis will be offered to prove this prior act. The absence of this information prevents the Court from determining whether the methamphetamine-possession conviction is based on sufficient evidence to permit its admission under Rule 404(b)(2). Admissibility of the prior conviction evidence will be preconditioned upon the Government's proffer of competent evidence; unless and until such evidence has been proffered, the Court cannot allow the admission of this evidence. Accordingly, the Court reserves its final ruling on the admissibility of this evidence pending the Government's proffer of sufficient evidence of the prior conviction and its underlying facts.

## Conclusion

**IT IS THEREFORE ORDERED** that Caballero-Perez's Objections to the Government's Rule 404(b) notice [Doc. 54] are **OVERRULED** as stated herein. However, the Court reserves decision on the ultimate admissibility of this evidence until after the Government has proffered sufficient evidence of the prior conviction and a proper limiting instruction.

DATED: March 6, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE