# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| The United States of America, | 2:13-cr-00085-JAD-PAL |
| Plaintiff | |
| v. | **Amended**[1] **Order Denying Motion to Vacate Sentence** |
| Marco Antonio Caballero-Perez, | [ECF No. 155] |
| Defendant | |

Marco Antonio Caballero-Perez moves to vacate his sentence under 28 U.S.C. § 2255. He contends that his counsel was constitutionally ineffective because (1) he failed to request a speedy trial, (2) he failed to provide Caballero-Perez with discovery materials; (3) he failed to provide a Spanish interpreter; and (4) he failed to arrange for the probation officer to interview Caballero-Perez, which resulted in the presentence investigation report being inaccurate.

There is no merit to any of these arguments. Caballero-Perez has not shown that his counsel was ineffective. And even if he had, he has not shown that anything his counsel did prejudiced him. I thus deny his motion.

## Discussion

To prevail on a claim of ineffective assistance of counsel, a defendant must show both deficient performance and prejudice.[2] I "must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance," and a defendant must show that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment."[3] "[T]he standard for judging counsel's representation is a most deferential one" because "the attorney observed the relevant proceedings,

---

[1] The original order mistakenly concluded by granting a certificate of appealability.

[2] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[3] *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (internal citations and quotations omitted).

knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge."[4] "A reasonable tactical choice based on an adequate inquiry is immune from attack."[5]

All of Caballero-Perez's arguments fail on both the performance and prejudice prong: he has not shown that his counsel was deficient, and he has not shown that any deficiency prejudiced his case.[6]

**A.  Failing to request a speedier trial**

Defendants have a right to a speedy trial.[7] In deciding whether a defendant's trial has been unduly delayed, I consider the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice."[8]

First, Caballero-Perez experienced little delay before his trial. He was indicted in November 2013 and his trial began a little under five months later. Second, the reason for the delay was mostly his own doing: he requested multiple continuances.[9] Finally, Caballero-Perez provides no evidence that he was prejudiced by this modest delay. Counsel was thus not ineffective for failing to make a speedy trial challenge.

**B.  Failing to provide discovery materials**

Caballero-Perez next alleges that his counsel failed to share discovery materials from the case with him. But he offers no evidence to support this contention. He does not explain what materials

---

[4] *Id.* at 105.

[5] *Gerlaugh v. Stewart,* 129 F.3d 1027, 1033 (9th Cir. 1997); *see also United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1996).

[6] Caballero-Perez mentions one other ineffective-assistance argument. He says that his counsel failed to give him "a copy of a juror's admittance that she had leaked defendant's information during trial to her husband of defendant's priors in the deliberation room." ECF No. 155 at 4. But there is no evidence that this document exists. And even if it did, Caballero-Perez does not explain how not having this document prejudiced him.

[7] *Barker v. Wingo*, 407 U.S. 514 (1972).

[8] *Id.* at 530.

[9] ECF Nos. 32, 39.

were withheld, or how not having these materials prejudiced him. I thus cannot determine that his counsel was ineffective for failing to provide him with anything.

**C.      Failing to provide an interpreter**

Caballero-Perez claims that the lack of an interpreter for meetings with his counsel prevented him from knowing "what did happen during and after trial, or during and after the appeal."[10] But he knew what happened: a court-appointed interpreter was there for all of his court appearances, and the relevant documents were translated for him.[11] And once again, he fails to explain how not having an interpreter prejudiced him. He does not suggest, for example, that had he known about some information earlier, he would have raised a different argument to the court.

**D.      Failing to request an interview with the probation officer**

Caballero-Perez finally claims that his counsel prevented him from interviewing with the probation officer who prepared his presentencing investigation report, which, in turn, prevented the court from getting an accurate report. Even if his counsel failed to arrange an interview for him, Caballero-Perez does not identify anything inaccurate in his report or how he was prejudiced in any way by the report.

**D.      There are no grounds for a certificate of appealability.**

To appeal this order, Caballero-Perez must receive a certificate of appealability from a circuit or district judge.[12] To obtain this certificate, he "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner

---

[10] ECF No 155 at 7.

[11] *See* ECF No. 3 (initial appearance); ECF No. 11 (continued initial appearance); ECF No. 28 (arraignment and plea); ECF No. 48 (arraignment and plea on superseding indictment); ECF No. 55 (calendar call); ECF No. 67 (calendar call); ECF No. 79 (calendar call); ECF No. 88 (jury trial, day one); ECF No. 89 (jury trial, day two); ECF No. 92 (jury trial, day four); ECF No. 96 (jury trial, day 5); ECF No. 97 (jury trial, day 6); ECF No. 124 (sentencing and disposition); ECF No 142, at 4 (sentencing transcript).

[12] 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a).

or that the issues presented were adequate to deserve encouragement to proceed further."[12] Given that Caballero-Perez has provided no explanation, much less evidence, demonstrating that anything his counsel did could have prejudiced him, I decline to issue a certificate of appealability.

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the defendant's motion to vacate **[ECF No. 155] is DENIED.**

IT IS FURTHER ORDERED a certificate of appealability is **DENIED**.

Dated this 17th day of May, 2017

_____
Jennifer A. Dorsey
United States District Judge

---

[12] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation omitted).